

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 0 4 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| RAMON MARTIN ARAMBULA, § | |
| Plaintiff § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. B-95-107 |
| CAMERON COUNTY § | |
| SHERIFF'S DEPARTMENT and § | |
| WENCESLAO MELENDEZ § | |
| Defendants § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Inmate brought §1983 and Texas Tort Claims Act causes of action against County and jail guard for injuries sustained when inmate's arm was pinned between the bars of a mechanical cell door.

### PARTIES

1. Ramon Martin Arambula (Plaintiff) is a prisoner currently incarcerated in the Iowa Unit in Iowa Parks, Texas.
2. Wenceslao Melendez (Melendez) is a correctional officer in the Cameron County Jail.
3. Cameron County Sheriff's Department (Department) is a government law enforcement agency of the state of Texas.

### BACKGROUND

On January 20, 1995, Melendez was told to release an inmate from cell number 1. Melendez proceeded to the control panel for the mechanical cell doors and activated the door to cell number 2.

At the time, Plaintiff was reaching through the bars of cell number 2 with his left arm to deliver a drink to an inmate. As the door opened, Plaintiff's forearm was pinned between the bars.

1

Inmates witnessing Plaintiff's distress told Melendez to stop the cell door. Melendez then closed the door, allowing Plaintiff to free his arm.

Plaintiff complained of pain as a result of the incident, and was taken to the infirmary. Medical personnel found minor bruising, but no cuts or physical impairment. An X-Ray of Plaintiff's arm revealed no broken bones. Plaintiff was given painkillers and returned to confinement.

Plaintiff sued the Sheriff's Department and Melendez in his official and individual capacity, alleging the following causes of action:

1. Two 42 U.S.C. §1983 claims for violation of his Eighth Amendment right to be free of cruel and unusual punishment; specifically, that

   A. Defendants were deliberately indifferent to his injury and failed to provide adequate medical care; and

   B. Defendants failed to implement or follow a cell door safety policy, the lack of which presents unreasonable risk of harm to inmates.

2. A state-law negligence claim under the Texas Tort Claims Act.

Defendants Cameron County and Melendez in his official and individual capacity, have filed a Motion for Summary Judgment. Defendant Melendez in his individual capacity has filed a second, separate Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the pleadings and evidence show no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Coleman v. Houston Independent School District,* 113 F.3d 528, 533 (5th Cir.1997).

The burden for Summary Judgment is initially on the moving party. *Lindsey v. Sears Roebuck and Company,* 16 F.3d 616, 618 (5th Cir. 1994). Once the movant has met this burden, it then shifts to the non-movant to show that summary judgment is inappropriate. *Duckett v. City of Cedar Park,* 950 F.2d 272, 276 (5th Cir.1992). Summary judgment evidence is viewed in the light most favorable to the non-movant. *Rosado v. Deters,* 5 F.3d 119, 123 (5th Cir.1993).

The non-movant's burden may not be satisfied by conclusory allegations, unsubstantiated

2

assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).

## ANALYSIS

I. **Defendants Cameron County and Wenceslao Melendez' Motion for Summary Judgment**

    A.    **Melendez - Official Capacity**

        1.    **§1983 Claim**

Plaintiff sued Melendez in his official capacity under 42 U.S.C. §1983 for violation of his Eighth Amendment right to be free of cruel and unusual punishment. Plaintiff asserts two claims under §1983: First, that Defendants were deliberately indifferent to his injury and failed to provide adequate medical care; and second, that Defendants failed to implement a cell door safety policy, the lack of which presents an unreasonable risk of harm to inmates.

Suit against a county employee in their official capacity is the same as suit against the county. *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). Thus, Plaintiff's suit against Melendez in his official capacity is the same as suit against Cameron County.

Section 1983 imposes liability upon any person who deprives another of any rights, privileges, or immunities secured by the Constitution and laws while acting under color of state law. 42 U.S.C. §1983.

In order to state a valid claim under §1983, Plaintiffs must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person or entity acting under color of state law. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

A municipality cannot be held liable in a §1983 suit solely under a respondeat superior theory. *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 691 (1978). Liability may be imposed upon a municipality under §1983 when the enforcement of a municipal policy or custom was the moving force of the violation of federally protected rights. *Doe*, 153 F.3d at 216, citing *City of Canton v. Harris*, 489 U.S. 378, 385- 91, (1989).

3

### a.  Denial of Medical Treatment

Petitioner asserts that Cameron County was deliberately indifferent to his injury and failed to provide him adequate medical care. (Pl.['s] Supplemental Resp. to Defs.['] Mot. for Summ. J. and Legal Br. In Supp. Of Same at 3)(Docket No. 45).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Deliberate indifference means the subjective recklessness as used in the criminal law. *Farmer v. Brennan,* 511 U.S. 825, ----, (1994).

Here, Plaintiff was taken to the infirmary and given painkillers after his arm was injured. (Pl.['s] Compl. For Violation of Civil Rights Pursuant to 42 U.S.C. §1983 at 4)(Docket No. 2). Plaintiff's arm was X-Rayed to look for broken bones.(Pl.['s] Compl. at 4), (Defs.['] Cameron County and Wenceslao Melendez Mot. for Summ. J., Exhibit 3, p.3)(Docket No. 27). Plaintiff was given two follow up visits to medical personnel to check his injury. (Defs.['] Cameron County and Wenceslao Melendez Mot. Summ. J., Exhibit 3 ¶¶ 1-3)(Docket No 27). .

Thus, the record shows that Plaintiff was given sufficient medical attention. As such, Defendants' treatment of Plaintiff's injury was not "subjectively reckless." Consequently, Plaintiff cannot show deliberate indifference on the part of the Defendants, and there is no genuine issue of material fact. Therefore, the Motion for Summary Judgment by Cameron County and Wenceslao Melendez's should be GRANTED as to this claim.

### b.  Failure to Implement Safety Policy

Petitioner asserts Cameron County failed to implement a or follow a safety policy which prevents an unreasonable risk of harm to inmates. (Pl.['s] Supplemental Response to Defs.['] Mot. for Summ. J. and Legal Br. in Supp. of Same at 3)(Docket No. 45). .

Plaintiff's complaint is essentially one regarding the safety of his confinement. It is assumed that this complaint is grounded in the Eighth Amendment. It is further assumed that Plaintiff's complaint is that without a cell door safety policy, inmates are exposed to unreasonable risk of harm from the mechanized cell doors.

In order to show that prison living conditions violate the Eighth Amendment, a plaintiff must show deliberate indifference. *Wilson v. Seiter,* 501 U.S. 294, 303 (1991). Deliberate

4

indifference results when a government official is actually aware of facts that indicate a substantial risk of serious harm exists, and then disregards those risks. *Farmer*, 511 at ----. Negligence is insufficient to support an Eighth Amendment claim in such circumstances. *Wilson*, 501 U.S. at 305.

Here, Plaintiff complains of his injury only. Plaintiff does not allege that other inmates have been injured by a lack of cell door safety procedures, nor does the record indicate a history of similar injuries in the jail. As such, Defendants had no notice that such an injury may occur due to their lack of cell door safety procedures. Consequently, under *Farmer*, Defendants were not "actually aware" that such an injury may occur. *Farmer*, 511 at ----. Thus, Plaintiff cannot show deliberate indifference, and there is no genuine issue of material fact. Therefore, the Motion for Summary Judgment by Cameron County and Wenceslao Melendez should be GRANTED as to this claim.

2. **Texas Tort Claims Act**

Plaintiff has alleged a state law negligence claim against Wenceslao Melendez in his official capacity under the Texas Tort Claims Act. (Pl.['s] Supplemental Response to Defs.['] Mot. for Summ. J. and Legal Br. in Supp. of Same at 3)(Docket No. 45).

It is the general rule in the Fifth Circuit that when all federal claims are disposed of prior to trial, a court should decline to exercise its pendant jurisdiction over any remaining state law claims. *McClelland v. Gronealdt*, 155 F.3d 507, 520 (5th Cir. 1998). Such pendant claims are dismissed without prejudice. *Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir. 1996).

As such, Plaintiffs Texas Tort Claims Act cause of action should be DISMISSED WITHOUT PREJUDICE.

B. **Melendez - Individual Capacity**

1. **§1983 Claim**

Plaintiff has alleged his §1983 claims of deliberate indifference to his medical needs and failure to implement safety policy against Melendez individually. (Pl.['s] Supplemental Response to Defs.['] Mot. for Summ. J. and Legal Br. in Supp. of Same at 3)(Docket No. 45). Melendez asserts that as a government employee, he is entitled to qualified immunity from these claims.

5

(Original Answer of Cameron County and Wenceslao Melendez at 5-6)(Docket No. 5).

Qualified immunity is protection for government officials (in their individual capacity) performing discretionary functions from civil liability under federal law. *Hart v. O'Brien*, 127 F.3d 424, 441 (5th Cir.1997), parentheses ours, citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). *See generally Student Services for Lesbians/Gays and Friends v. Texas Tech University*, 635 F.Supp. 776, 779 (N.D. Tex. 1996)(Qualified immunity applies to a party's individual capacity.)

The determination of whether an official is entitled to qualified immunity involves a three-pronged analysis. *Eugene v. Alief Ind. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir 1995), citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). First, it must be determined whether the plaintiff has asserted the violation of a constitutional right. *Siegert*, 500 U.S. at 232. Second, the constitutional right must have been clearly established at the time of the violation. *Id.* at 233-34. Third, the official's conduct must have been objectively unreasonable in light of the legal rules clearly established at the time the actions were taken. *Eugene*, 65 F.3d at 1305, citing *Harlow*, 457 U.S. at 818.

Here, Plaintiff alleges that Melendez was deliberately indifferent to Plaintiff's medical needs and that Melendez failed to implement a cell door safety policy. (Pl.['s] Resp. to Def. Wenceslao Melendez Mot. for Summ. J. at 2)(Docket No. 58).

As outlined in paragraphs I.A.1.a. and b. above, a party must show deliberate indifference prove these claims, and Plaintiff cannot do so.

Thus, Plaintiff has failed to assert the violation of a constitutional right. As such, Plaintiff fails the first prong of the qualified immunity analysis. Because Plaintiff cannot meet all three prongs, Melendez will retain qualified immunity from Plaintiffs claims. Thus, there is no genuine issue of material fact and the Motion for Summary Judgment by Cameron County and Wenceslao Melendez should be GRANTED as to this claim.

### 2. Texas Tort Claims Act

Plaintiff has alleged a state law negligence claim against Wenceslao Melendez in his individual capacity under the Texas Tort Claims Act. (Pl.['s] Supplemental Response to Defs.['] Mot. for Summ. J. and Legal Br. in Supp. of Same at 3).

6

ClibPDF - www.fastio.com

For reasons set forth in I.A.2. above, Plaintiffs Texas Tort Claims Act cause of action should be DISMISSED WITHOUT PREJUDICE.

### C. CAMERON COUNTY SHERIFF'S DEPARTMENT

It should be noted that Plaintiff named the Cameron County Sheriff's Department as a defendant. (Pl.['s] Compl. For Violation of Civil Rights Pursuant to 42 U.S.C. §1983 at 1).

In Texas, a county sheriff's department generally are not legal entities capable of being sued, absent express action by the county. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir.1991). Where a sheriffs department is named, dismissal should be without prejudice to seek leave to amend to name proper parties. *Jacobs v. Port Neches Police Department*, 915 F.Supp. 842, 844 (E.D. Tex. 1996).

Here, the proper party would be the Cameron County, whose claims were resolved in section I.A. above.

## II. Defendant Wenceslao Melendez' Motion for Summary Judgment

As the claims against Melendez individually have been disposed of by Defendants Cameron County and Wenceslao Melendez' Motion for Summary Judgment, no analysis of Defendant Wenceslao Melendez' Motion for Summary Judgment is needed.

### RECOMMENDATION

For the reasons set forth above, Defendants Cameron County and Wenceslao Melendez' Motion for Summary Judgment should be GRANTED as to the §1983 claims, and Plaintiff's Texas Tort Claims Act causes of action should be DISMISSED WITHOUT PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir.

7

1996).

DONE at Brownsville, Texas this 30th day of September, 1999.

_____
Felix Recio
United States Magistrate Judge

ClibPDF - www.fastio.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RAMON MARTIN ARAMBULA, § <br> Plaintiff § <br> § <br> v. § <br> § <br> CAMERON COUNTY § <br> SHERIFF'S DEPARTMENT and § <br> WENCESLAO MELENDEZ § <br> Defendants § | CIVIL ACTION NO. B-95-107 |

## ORDER

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of September 29, 1999 be ADOPTED.

Therefore, Defendants Cameron County and Wenceslao Melendez' Motion for Summary Judgment (Docket No. 27) is

GRANTED as to Plaintiff's 42 U.S.C. §1983 claims against Cameron County and Melendez in his official capacity;

GRANTED as to Plaintiff's 42 U.S.C. §1983 claims against Melendez in his individual capacity; and

GRANTED as to Plaintiff's 42 U.S.C. §1983 claims against the Cameron County Sheriff's Department.

Furthermore, Plaintiff's Texas Tort Claims Act claims against Cameron County, the Cameron County Sheriff's Department, and Wenceslao Melendez in his official and individual capacity are hereby DISMISSED.

As the above rulings dispose of the claims against Melendez in his individual capacity, Defendant Wenceslao Melendez' Motion for Summary Judgment (Docket No. 56) is moot.

9

DONE in Brownsville, Texas on this _____ day of _____, 1999.

_____
Hilda G. Tagle
United States District Judge